IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RACHEL LYNN DOZIER, #22576-078 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:17cv284 |
| | § | CRIMINAL ACTION NO. 4:14cr108(3) |
| UNITED STATES OF AMERICA | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Movant Rachel Lynn Dozier's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which she filed with the assistance of counsel. After due consideration and for the reasons stated below, the Court will deny the motion.

**I.  BACKGROUND**

On May 24, 2016, the Court sentenced Movant to 215 months' imprisonment after Movant pled guilty to conspiracy to possess with intent to distribute 500 grams or more of a substance containing detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 846 and 841(b)(1)(A). Movant did not file an appeal, but filed the instant § 2255 motion on April 25, 2017.  In her motion, Movant asserts her counsel was ineffective by failing to adequately advise her of the consequences of her guilty plea; accordingly, she claims her guilty plea was not knowing and voluntary.  She also claims counsel was ineffective at sentencing for failing to object, and his performance was deficient overall.  The Government filed a response, asserting Movant is entitled to no relief.  Movant did not file a reply.

1

## II. STANDARD FOR SECTION 2255 PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

## III. PLEA WAIVER AND INEFFECTIVE ASSISTANCE OF COUNSEL

Movant claims she is entitled to relief because Counsel failed to properly advise her of the consequences of pleading guilty. As a result, she argues her plea of guilty is invalid. She claims that had she known she "signed for a level 38," she would not have pled guilty.

The Fifth Circuit has upheld the informed and voluntary waiver of post-conviction relief in *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). More recently, the Fifth Circuit noted that it has upheld § 2255 waivers except for when there is an ineffective assistance of counsel claim that affects the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum. *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004).

The duty of defense counsel to a defendant who desires to enter a plea of guilty is to ascertain that the plea is voluntarily and knowingly made. *United States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984). The two-prong test *Strickland* test applies to cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). A movant must show that he did not understand the nature of a

constitutional protection he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Thus, if a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983).

To succeed on a claim of ineffective assistance of counsel, a movant must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. 466 U.S. at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981). *See also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984).

Secondly, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id*. at 697.

A review of the record shows that Movant waived her rights to plead not guilty, to be tried by a jury, to have her guilt proven beyond a reasonable doubt, to confront and cross-examine

witnesses, to call witnesses in her defense, and to not be compelled to testify against herself. Movant also understood the charge, the elements of the offense, and that the statutory sentence she faced was not less than ten years of imprisonment, and not more than life. Movant stipulated that her guilty plea was freely and voluntary given, and not the result of force, threats, or promises other than those contained in the written plea agreement. Also included in her plea agreement was the following waiver provision:

> Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum. The defendant also reserves the right to appeal or seek collateral review a claim of ineffective assistance of counsel.

Cause No. 4:14cr108(3) (Dkt. #102). Movant also states in her plea agreement:

> The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

*Id.* Furthermore, the plea agreement reflects that Movant's base offense level pursuant to U.S.S.G. § 2D1.1 is 38, and that a reduction for acceptance of responsibility is subject to recommendation of the United States Probation Office. *Id.*

In her Consent, Movant states she understood her rights and those she was waiving. Cause No. 4:14cr108(3) (Dkt. #101). She states she was knowingly and voluntarily pleading guilty and that no promises had been made to her other than what is contained in her plea agreement. Movant also states that she fully understood the charges, including the statutory minimum and maximum

penalties, including supervised release, special assessment, restitution, and forfeiture.  *Id.*  In the Findings of Facts, the Court found that Movant was fully competent and capable of entering an informed plea, that she was aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent factual statement containing each of the essential elements of the offense.  Cause No. 4:14cr108(3) (Dkt. #105).

Further, at Movant's change of plea hearing, the Court again advised Movant of her rights, those rights she was waiving, the elements of the charge, and that her sentence would be not less than ten years and not more than life imprisonment.  Movant testified she understood and that she agreed to a Base Offense Level of 38.  The Court even noted, "Do you understand that's a pretty high Base Offense Level, 38?  That's up there in the high range, 38.  Do you understand that?"  Cause No. 4:14cr108 (Dkt. #179).  Movant acknowledged that she understood "[t]hat it's high."  *Id.*  Movant also understood that she did not qualify for a mitigating role reduction and that her plea of guilty to her crime was "more than just being a minor player."  *Id.*  Finally, Movant testified she understood that more points may be added to her already high Base Offense Level, which would result in a higher sentence.  *Id.*  Movant testified she had been advised of this prior to the hearing.  *Id.*  The Court also reminded Movant of her waiver of appeal and limited collateral review.  *Id.*

Finally, Movant testified that Counsel had thoroughly reviewed the legal and factual aspects of her case, each paragraph of the Plea Agreement were explained to her, and she was satisfied with his representation.  She testified that the facts contained in her signed factual statement were true and correct, and that no threats or promises outside of the plea agreement had been made to induce her guilty plea.  The Fifth Circuit has held that a defendant's testimony at the plea colloquy that no one attempted in any way to force or induce him to plead guilty carries a strong presumption of verity.

*United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994). In cases where the record establishes that the defendant understood the nature of the charge against him and the direct consequences of his act, the rudimentary demands of a fair proceeding and a knowing, voluntary plea are satisfied. *Wright v. United States*, 624 F.2d 557, 561 (5th Cir. 1980). After a thorough review of the record, the Court finds that Movant's plea was knowing and voluntary. Therefore, any issues not reserved for collateral review are waived.

Movant complains that Counsel did not meet with her often or consult with her often during her case. However, the Fifth Circuit has held that the brevity of consultation time between a defendant and counsel, without more, does not constitute ineffectiveness. *Mattheson v. King*, 751 F.2d 1432, 1439 (5th Cir. 1985). Movant also complains that Counsel did not call her husband daughter to testify on her behalf at sentencing. "[C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir.1978). Further, the presentation of witness testimony is essentially strategy and, thus, within the trial counsel's domain. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir.1985). A movant must overcome a strong presumption that his counsel's decision in not calling a particular witness was a strategic one. *Murray v. Maggio, Jr.*, 736 F.2d 279, 282 (5th Cir. 1984). Where "the only evidence of a missing witness's testimony is from the defendant," claims of ineffective assistance are viewed with great caution. *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir.1983), *cert. denied*, 467 U.S. 1251 (1984). Moreover, to succeed on the claim, Movant must show that had counsel investigated, he would have found witnesses to support the defense, that such witnesses were available, and had counsel located and called these witnesses, their testimony would

have been favorable and they would have been willing to testify on Movant's behalf. *Alexander*, 775 F.2d at 602; *Gomez v. McKaskle*, 734 F.2d 1107, 1109-10 (5th Cir. 1984), *cert. den.*, 469 U.S. 1041 (1984). Movant fails to show that her husband and daughter were willing and available to testify at her sentencing hearing. She also fails to show the content of such testimony, or that the testimony would have been favorable to her case. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982). This conclusory claim is insufficient to provide relief. *Id*.

Additionally, Movant claims Counsel failed to adequately advise her of her sentencing exposure. Although Movant asserts in the instant action that she would not have pled guilty had Counsel properly advised her of the consequences of pleading guilty, Movant points to no evidence in the record showing that she would have insisted on going to trial, but for the alleged erroneous advise. The record reflects, however, that Movant testified Counsel had fully advised her. Moreover, the record shows that the Court admonished her in the plea hearing concerning her sentencing exposure. Although Movant makes the claim that she expected a seven-year sentence, the record shows that she knew the statutory minimum sentence was ten years.

The Fifth Circuit holds that a guilty plea may be invalid if induced by unkept promises from counsel. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). To show entitlement to relief on this basis, Movant must show he pled guilty by relying on promises from his counsel by proving (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eye witness to the promise. *Id.* At her plea hearing and in the various plea documents, Movant stated that no promises, threats, or agreements

outside of the plea agreement caused her to plead guilty. The record reflects that Movant was fully aware that her base offense level was 38, and that the minimum sentence was ten years. Movant fails to show Counsel promised her a seven-year sentence. *Cervantes*, 132 F.3d at 1110. She fails to show Counsel's performance was deficient. *Strickland*, 466 U.S. at 694.

Movant asserts Counsel should have objected to her criminal history score at sentencing. At the sentencing hearing held on April 24, 2016, the record shows that the Court granted a continuance based on Counsel's objection that the PSR needed to be corrected. (Dkt. #181). Accordingly, Counsel did not fail to object. A revised PSR was filed on May 6, 2016. (Dkt. #160).

At the continued sentencing hearing held on May 24, 2016, the transcript shows that Movant agreed to the accuracy of the revised PSR, and that she fully understood it. The record also shows that Counsel argued the PSR overstated Movant's criminal history. (Dkt. #180). Counsel then asked that Movant receive a forty percent decrease and points for acceptance of responsibility. Prior to trial, Movant tested positive for methamphetamine on at least three occasions. Even though Movant's drug tests were admittedly "dirty" prior to trial, Counsel reminded the Court that Movant voluntarily pled guilty and also cooperated with the Government, which resulted in more arrests. Finally, Counsel noted Movant's unfortunate background, which resulted in drug use for many years. Counsel asked for drug treatment for Movant while she is incarcerated.

The Government agreed that a forty percent reduction is appropriate, placing Movant at 215 months' imprisonment. The Government also agreed that Movant cooperated at the time of her arrest, which led to the arrest of others. Based on her offense level and criminal history, Movant's advisory guideline range was 360 months to life imprisonment. The Court imposed 215 months' imprisonment, which equals approximately a forty percent reduction. Movant fails to show deficient

performance or that, but for Counsel's alleged errors, there is a reasonable probability the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Furthermore, Movant fails to show that, but for trial counsel's alleged deficient performance, she would have taken her chances at trial. *Hill*, 474 U.S. at 57-59. Movant does not direct the Court to any evidence in the record to support her assertion that she would not have pled guilty, but for Counsel's alleged deficient performance. The record shows, however, that Movant understood her rights, the rights she was waiving, and fully understood the PSR and the consequences of pleading guilty. The record shows Movant understood her criminal offense base level was 38 and that the statutory minimum sentence was ten years. Movant's plea was knowing and voluntary; thus, it must be upheld. *Diaz*, 718 F.2d 1376-77.

Because Movant's plea was not coerced or induced, but was voluntary and knowing, the waiver must be enforced. Movant's sentence of 215 months did not exceed the statutory maximum, and she fails to show that ineffective assistance of counsel caused her to plead guilty. She also fails to show, that but for Counsel's alleged ineffectiveness, the outcome of her case would have been different. Movant fails to show she is entitled to relief.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, the Court, nonetheless, addresses whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to

determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a [certificate of appealability] should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, Movant is not entitled to a certificate of appealability.

## V. CONCLUSION

Movant fails to show her plea of guilty was invalid. Therefore, any issues raised that were not reserved for collateral review are waived. Movant fails to show that Counsel's performance was

deficient or that, but for Counsel's alleged ineffectiveness, the outcome would have been different. In conclusion, Movant fails to show she is entitled to relief.

It is accordingly **ORDERED** the motion to vacate, set aside, or correct sentence is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled upon are **DENIED**.

**SIGNED this 29th day of September, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE